UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JOE ALLEN, individually and as
next friend of K.A., a minor                                                   PLAINTIFFS

v.                                    Case No. 4:10-CV-4145

COOPER TIRE & RUBBER COMPANY                                    DEFENDANT

## <u>MEMORANDUM OPINION AND ORDER</u>

Currently before the Court are Plaintiffs' Emergency Motion for Leave to Amend Complaint

(Doc. 50)  along with a proposed First Amended Complaint (Doc. 50-1), the Defendant's Response

(Doc. 55), and Plaintiffs' Reply (Doc. 57). At the Plaintiffs' request, the court accelerated the

briefing schedule for the filing of Defendant's Response and Plaintiffs' Reply.  This action was

originally filed in the Circuit Court of Miller County, Arkansas, on September 10, 2010, and was

removed to federal court on October 6, 2010, based on diversity jurisdiction. (Doc. 1). At the time

of removal, the Plaintiffs were residents of the state of Texas, and the Defendant was a Delaware

corporation with its principal place of business in Ohio, and the amount in controversy was in excess

of $75,000, exclusive of interest and costs. This court has subject matter jurisdiction over this cause

of action. The Plaintiffs' Motion for Leave to Amend Complaint seeks to file a First Amended

Complaint that adds two defendants who are residents of the state of Texas. The proposed First

Amended Complaint states that the parties are not diverse, and further states that this court lacks

subject matter jurisdiction. (Doc. 55, ¶7).  For the reasons set forth below, the Plaintiffs' Motion for

Leave to Amend Complaint is **DENIED.**

The Plaintiffs commenced this action against the Defendant on September 10, 2010 by the

-1-

filing of a complaint in the Circuit Court of Miller County, Arkansas. Plaintiffs allege they sustained significant injuries from a single vehicle accident that was caused by a defective tire manufactured and sold by the Defendant, Cooper Tire & Rubber Company ("Cooper Tire"). The accident occurred on August 15, 2009. The Plaintiffs allege causes of action under strict liability, design defect, manufacturing defect, marketing defect, negligence and/or gross negligence, fraudulent inducement and fraud by non-disclosure. (Doc. 3). They claim compensatory and exemplary damages, and make demand for a jury trial. *Id*. Cooper Tire filed an Answer (Doc. 4) and an Amended Answer (Doc. 8) generally denying the allegations in the complaint. The proposed First Amended Complaint seeks to add two defendants, Bridgette Leachman, who was the driver of the truck at the time of the accident, and Conrat Allen, who was the owner of the truck at the time of the accident. Both Leachman and Allen are residents of the state of Texas. The proposed First Amended Complaint asserts, alternatively to the negligence claims against Cooper Tire, a cause of action against Leachman for negligence in the operation of the vehicle, and against Allen for negligent entrustment in failing to ensure the vehicle did not have defective tires. The causes of action against Cooper Tire are the same as in the original complaint.

The procedure for handling cases after removal is governed by 28 U.S.C. § 1447. The statute specifically addresses the issue of joinder of additional defendants whose joinder would destroy diversity jurisdiction:

> If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State Court.

28 U.S.C. § 1447(e). If the court permits joinder of the non-diverse defendants, remand is mandatary as the court would not have subject matter jurisdiction. *Hensgens v. Deere & Company,* 833. F.2d

-2-

1179 (5th Cir. 1987). As indicated in § 1447(e), a plaintiff does not have an absolute right to join non-diverse parties. Fed. R. Civ. P. 15(a)(2) allows a plaintiff to amend his complaint only with leave of the opposing party or the Court where, as here, the opposing party has already filed a responsive pleading. Under Fed. R. Civ. P. 19 the Court must first determine if the parties sought to be joined are indispensable. If a party is indispensable under Rule 19, then the case must be remanded under § 1447(e) if the court grants leave to amend. If a party proposed to be joined is not indispensable, Fed. R. Civ. P. 20(a)(2) permits joinder at the discretion of the court. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307 (8th Cir. 2009) ("The trial court's decision whether to allow amendment will be reviewed only for an abuse of discretion." (internal quotation omitted)).

The Court finds that the defendants Plaintiffs seek to join through their proposed amended complaint are not indispensable to this litigation. Plaintiffs' original complaint brings a product liability case against Cooper Tire. The proposed First Amended Complaint asserts an alternative cause of action for negligence against the new defendants. Although Plaintiffs do assert a negligence cause of action against Cooper Tire, the claims of negligence are not so related to the claims of negligence against the proposed new defendants such that the new defendants are indispensable to this action. In fact, Plaintiffs do not argue that Leachman and Allen are indispensable under Rule 19, and instead contend that the Court should use its discretion under Rule 20 to allow the joinder. Because the Court finds that the proposed joinder in this case is permissive, the decision whether to allow an amendment to the complaint is one that lies within the discretion of the court.

In *Hensgens v. Deere & Company,* 833. F.2d 1179 (5th Cir. 1987), the Fifth Circuit carved out factors for district courts to consider when attempting to join a non-diverse defendant in a removed case. The court reasoned that a district court should give more scrutiny to a proposed

amendment naming a new non-diverse defendant in a removed case as opposed to an otherwise ordinary amendment. Generally, leave to amend "should be freely given when justice so requires." Fed. R. Civ. P. 15(a). In removed cases, however, the Fifth Circuit found that

> [i]n this situation, justice requires that the district court consider a number of factors to balance the defendant's interests in maintaining a federal forum with the competing interests of not having parallel lawsuits.... the court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other facts bearing on the equities.

*Id.* at 1182. The *Hensgens* factors have been followed in a number of jurisdictions, including the 8th Circuit. *Bailey v. Bayer Cropscience L.P.,* 563 F.3d 302 (8th Cir. 2009) (adopting the *Hensgens* factors in affirming a denial of a motion to remand).  Consideration of Plaintiffs' Motion to Amend requires an analysis of the *Hensgens* factors as applied to the facts of this case.

The Court considers first whether Plaintiffs have been dilatory in asking for an amendment. Plaintiffs initiated this action on September 10, 2010 – more than one year after the accident. The case was removed to federal court on October 6, 2010.  At the time the case was filed and removed, the Plaintiffs were aware or should have been aware of their cause of action against Leachmen and Allen. The Plaintiffs could have named the new defendants as parties at that time, but instead waited until two weeks before the running of the statute of limitations on those claims (under Texas law) to file their Motion for Leave to Amend in this action. Courts have looked at the temporal proximity between the removal of the action and the motion to amend to add a non-diverse defendant.  In *Bailey,* the plaintiff filed a motion to amend to add a non-diverse defendant more than one year after the case was removed.  563 F.3d 302. The district court allowed the motion for leave to amend, but

-4-

the plaintiff did not inform the court that joinder would destroy diversity. *Id.* The district court reconsidered the decision and denied the motion to amend.  *Id.* On appeal, the court said the plaintiff waited a year before filing the motion to amend, while knowing he could have named the new defendants in the original action. *Id; compare Gaspard One, L.L.C. v. BP America Prod. Co.,* 2008 WL 4279631 (W.D. La.) (allowing plaintiff to amend to name non-diverse defendant where motion filed eight days after removal).  In this action, the proposed defendants could have been named in the original action, or a motion for leave to amend could have been filed after the action was removed.  The fact that the statute of limitations is about to run on the claims and the fact that the parties may have agreed to a deadline to allow for joinder of parties does not automatically lead to the conclusion that Plaintiffs are not dilatory when waiting until the eve of those deadlines to file a Motion to Amend. The fact remains that Plaintiffs could have sought amendment of their complaint sooner, and the Court is not convinced that they had any good cause for choosing not to do so before now.

The next factor the Court considers is whether Plaintiffs will be significantly injured if the amendment is not allowed. Plaintiffs state in their Motion for Leave to Amend that the statute of limitations will run on the claims against Leachman and Allen on August 15, 2011.  For that reason, Plaintiffs requested the court to expedite the briefing schedule and the decision on the Motion for Leave to Amend, and the Court has accommodated those requests. The proposed First Amended Complaint asserts an alternative negligence cause of action against the new defendants while maintaining the product liability causes of action against Cooper Tire.  Because the legal theories and proof are different on these claims, there is no likelihood of inconsistent results if they are maintained as separate actions. These issues would require distinct fact-findings since the proof at

trial would be different. *Marshall v. Navistar Int. Trans. Corp.,* 168 F.R.D. 606, 611 (E.D. Mich. 1996) (denying remand and noting that even though actions stemmed from the same highway accident, the two actions were significantly different). The potential for duplicative proof would be limited and would likely be significant only on the issue of damages. As previously stated, although Plaintiffs do assert a negligence cause of action against Cooper Tire, the claims of negligence are not so related to the claims of negligence against the new defendants such that the proposed new defendants are indispensable to this action. Nor would the alternative theories of negligence, should they be advanced separately, result in any great overlap in discovery or proof. Even were the Court to allow joinder of Leachman and Allen, Plaintiffs would still essentially have to litigate two entirely different cases, albeit in the same court. Plaintiffs can maintain a separate action against Leachman and Allen in state court. *Alpers Jobbing Co. v. Northland Cas. Co.*, 173 F.R.D. 517 (E.D. Mo. 1997) (finding that plaintiff not significantly injured because separate action could be maintained in state court). For these reasons, Plaintiffs will not be significantly injured if the amendment is not allowed.

The final *Hensgens* factor is whether the purpose of the amendment is to defeat federal jurisdiction. While allowing the amendment would clearly defeat federal jurisdiction, the court cannot conclude that Plaintiffs filed this Motion with the sole intent of defeating federal jurisdiction. In certain situations, it may be clear that joinder is designed to destroy diversity. *See e.g., Doe v. Society for Creative Anachronism,* 2007 WL 2155553 (E.D. Pa.) (denying joinder where plaintiff sought to add a non-diverse defendant who was residing in prison and who was likely judgment-proof). Nothing in this case, however, clearly indicates that Plaintiffs are trying to destroy diversity, as it is credible that they are merely seeking a determination as to whether they can maintain one action against all defendants in state court.

Finally, the court is to consider any other factors bearing on the equities.  Removal statutes are predicated on giving diverse defendants a choice of a state or federal forum.  *Hensgens*, 833 F.2d at 1182.  Cooper Tire made its choice by removing this action to federal court.  The Plaintiffs prefer one action in state court against all defendants, even though the new defendants are not indispensable and the theories of liability are separate and distinct.  After weighing all the factors, the Court finds that the *Hensgen* factors weigh in favor of Cooper Tire being able to continue litigation of this action in federal court.

For all of the above stated reasons, Plaintiffs' Emergency Motion for Leave to File Amended Complaint (Doc. 50) is DENIED.  Because the Court decides this Motion on the parties' pleadings, Plaintiffs' Motion for an Oral Hearing (Doc. 50) on these issues is likewise DENIED.

IT IS SO ORDERED this 8th day of August 2011.

/s/ P. K. Holmes, III

**P.K. HOLMES, III**
**UNITED STATES DISTRICT JUDGE**